UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. LaFLEUR and ELIZABETH K. LaFLEUR**          **PLAINTIFFS**

V.                                              CIVIL ACTION NO. 1:07CV527 LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY**
**and MIKE MEYERS**                                     **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it three motions: Plaintiffs Charles and Elizabeth LaFleur's (LaFleur) motion [6] to remand; Defendant Mike Meyers's (Meyers) alternative motions to dismiss [12] or for summary judgment [13]. For the reasons set out below, the plaintiffs' motion to remand will be granted, and Meyers's alternative motions will be denied.

Plaintiffs are the named insureds under State Farm homeowners policy number 24-BD-4162-5. This policy insures the plaintiffs' residential property at 112 Edith Drive, Bay St. Louis, Mississippi. The policy provides coverage limits of $125,000 (Coverage A - Dwelling), $12,500 (Coverage A - Dwelling Extension), $93,750 (Coverage B - Personal Property) and actual loss sustained (Coverage C - Loss of Use). This policy covers the peril of windstorm and excludes the peril of flood.

Plaintiffs' property was also insured under a flood policy (policy number 24-RA-57746) that was also issued by State Farm through Meyers. This flood policy provided coverage limits of $103,700 (Coverage A - Building) and $44,200 (Coverage B - Contents). The limits of coverage under the flood policy have apparently been paid, and that policy is not at issue in this proceeding. Plaintiffs contend, however, that these policy limits are relevant because the difference between the amount of coverage they purchased under the homeowners policy and the amount of coverage they purchased under the flood policy left them with insufficient flood coverage. Plaintiffs contend that their flood coverage should have been increased in May 2005, when they increased their homeowners coverage to take into consideration the cost of improvements they made to their residence. Plaintiffs allege that the Defendant Meyers should be found legally responsible for this deficiency because the deficiency is attributable, at least in part, to Meyers's negligence.

The insured property was extensively damaged by the forces generated during Hurricane Katrina. The parties differ concerning the amount owed under the State Farm homeowners policy for wind damage and indeed whether any additional wind damage benefits are due. State Farm asserts that it owes no additional benefits under its homeowners policy, and the plaintiffs contend that substantial additional benefits are

owed.  The wind damage claim is presented as an alternative grounds for recovery to the claim for Meyers's alleged negligence in procuring adequate flood coverage.

This action was filed in the Circuit Court of Hancock County, Mississippi, and removed by State Farm to this Court on grounds of diversity of citizenship.  State Farm contends that Meyers has been improperly joined and that his Mississippi citizenship should be disregarded for purposes of determining this Court's removal and subject matter jurisdiction.  Meyers contends that he is entitled to be dismissed from this action for the plaintiffs' failure to state a valid cause of action against him or that he is entitled to summary judgment on the merits of the plaintiffs' claims against him.  In deciding the merits of these three motions, I must determine whether the plaintiffs have stated a cause of action against Meyers that is not either invalid as a matter of law or devoid of factual support.

In order to decide the question whether the plaintiffs have stated a cause of action against Meyers, I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiffs all reasonable inferences in support of their claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiffs.  The complaint against the non-diverse defendant, Meyers, may be dismissed only if the facts the LaFleurs have alleged are insufficient, if proved, to establish a right of recovery against Meyers. *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

In this instance, I will also take other evidence into consideration in reaching the merits of these motions, specifically the affidavit of Plaintiff Elizabeth LaFleur (Exhibit 5 to the Motion To Remand), the affidavit of Mike Meyers (Exhibit B to State Farm's Response to the Motion To Remand), and the affidavit of Bill Lovell identifying the State Farm policy and the declarations page for that policy (Exhibit A to State Farm's Response to the Motion To Remand).  By considering this additional evidence outside the pleadings I am attempting to ascertain whether there is a genuine issue of material fact that would preclude my granting Meyers's motion for summary judgment.

Under this liberal standard, misjoinder or fraudulent joinder is an issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co*., 663 F.2d 545 (5th Cir. 1981);  *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp*., 199 F.3d 239 (5th Cir. 2000).  Thus, in order to establish that removal is proper, State Farm and Meyers must demonstrate that the LaFleurs have not alleged facts sufficient to support a reasonable belief that they may prevail on the merits of their claim against Meyers.  The facts alleged must be sufficient to raise a claim for relief above the speculative level, assuming that all the facts alleged are true, even if those facts may be doubtful.  *Bell Atlantic Corp. v. Twombly*, 75 USLW 4337, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to

exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

The LaFleurs's substantive complaints against Meyers involve three basic allegations of misconduct:

1) that Meyers misrepresented the terms of the State Farm policies he sold to the LaFleurs, by failing to notify the LaFleurs that the State Farm homeowners policy excluded coverage for flood damage (Complaint Paragraph 45) (the LaFleurs contend that Meyers's failure to give them this notification constitutes negligence);

2) that Meyers (and State Farm) wrongfully led the plaintiffs to believe that the State Farm homeowners policy would provide "full and comprehensive coverage for any and all hurricane damage to the insured residence. . ." (Complaint Paragraph 16); and

3) that Meyers failed "to recommend or procure for Plaintiffs' [sic] insurance that would provide full and comprehensive coverage for the property damage caused by Hurricane Katrina."(Complaint Paragraph 47)

The LaFleurs allege (Complaint Paragraph 50) that Meyers stood in a fiduciary relationship with them at the time they did business, but the LaFleurs have alleged no facts which would support a finding that such a relationship existed.

In *Leonard v. Nationwide Ins. Co.*, 499 F.3d 419, 438 (5th Cir. 2007) the Court held that under Mississippi law an insured has an affirmative duty to read his policy and that the insured is charged with constructive knowledge of the contents of his policy whether he reads it or not.  Under this holding, the LaFleurs are charged with knowledge of the flood damage exclusion in their homeowners policy, and Meyers's failure to invite their attention to that specific policy provision is not sufficient to establish actionable negligence on the part of Meyers.

The factual basis for the third allegation against Meyers, the allegation that he failed to procure "full and comprehensive coverage" for the potential hazard of a hurricane, is more fully explained in Plaintiff Elizabeth LaFleur's affidavit.  According to this affidavit, the plaintiffs made substantial changes in their living arrangements during the year that preceded Hurricane Katrina, making the insured property, which had theretofore been a vacation home, into their full-time residence.  As part of this transition, the affidavit indicates that the plaintiffs spent approximately $30,000 to renovate the insured property and that the plaintiffs had moved their furniture and other personal effects into this property by August 2004.

The plaintiffs' affidavit indicates that the LaFleurs had been customers of Meyers's agency since 1992.  In 2004, when the LaFleurs moved to Bay St. Louis, they

started to insure their boat and cars (as well as their residence) through Meyers's agency. The affidavit asserts that Meyers co-owned property in the LaFleurs' neighborhood and that he (Myers) was therefore aware that property values in the LaFleurs' neighborhood had substantially increased over the years.

  Again according to the Plaintiff Elizabeth LaFleur's affidavit, she met with an agent in Meyers's office just before her State Farm homeowners policy was due for renewal in May 2005. There was a discussion of various changes in insurance coverages for the LaFleur's boat, their automobile insurance, and for their home. After discussing her coverages with an unidentified representative, plaintiffs increased the coverage under the State Farm homeowners policy to $125,000 with a corresponding increase of the coverage for contents. The affidavit states: "At no time that day, or at any other meeting we ever had with Mike [Meyers] or one of the women in his office, did anyone in that office discuss our flood policy with us, or suggest we should review the policy or increase the limits." (Affidavit of Elizabeth LaFleur Paragraph 16)

  All of the statements in Elizabeth LaFleurs's affidavit are uncontradicted in the record before me. Meyer's affidavit does not contradict any of the substantive statements set out in this affidavit.

  The situation suggested by the plaintiffs' affidavit is that of established customers who had, for several years, insured a vacation home, deciding to move into that property as a main residence; making substantial improvements to the property; and meeting with their insurance agent to update their coverages. This is a far cry for the situation in which a new or potential customer requests a quote for specific coverage on a designated property. The well established business relationship and the context of a meeting for the purpose of reviewing the customer's coverages suggest to me that it is not far fetched or implausible to suggest that the issue of increasing the customer's flood coverage to correspond to the increase in homeowners coverage was an appropriate, indeed an obvious, topic for consideration.

  Accepting all of the allegations of the complaint and the statements in the plaintiffs' affidavit as true, and granting the plaintiffs all reasonable inferences in support of their claim, as I must in deciding the merits of these motions, I cannot say that the plaintiffs' claims against Meyers are invalid as a matter of law. I hasten to add that neither are they established as meritorious by the evidence now in the record. I must accept the statements in the plaintiffs' affidavit, and I must grant the plaintiffs all reasonable inferences that may flow from these facts. But the ultimate truth of those statements and the ultimate truth of the transaction the affidavit describes will be determined by the finder of fact at trail. The question whether Meyers exercised the reasonable care required of him in his role as insurance agent for the plaintiffs will be a very fact-intensive inquiry. Establishing the actions necessary to meet the standard of reasonable care may require expert testimony. The final question whether Meyers was negligent in not bringing up the issue of whether the plaintiffs' flood insurance was

adequate for their new situation is one that must be made on a fully-developed record, and that question is not appropriate for summary adjudication.

      Accordingly, this action must be remanded to the Court from which it was removed.  This Court does not have subject matter jurisdiction under 28 U.S.C. §1332. An appropriate order will be entered.

      **DECIDED** this 26th day of March, 2008.

                                             s/ <u>L. T. Senter, Jr.</u>
                                             L. T. SENTER, JR.
                                             SENIOR JUDGE