UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES P. LaFLEUR and ELIZABETH K. LaFLEUR**                    **PLAINTIFFS**

V.                                             CIVIL ACTION NO. 1:07CV527 LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY**
**and MIKE MEYERS**                                                **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it the motion [48] of State Farm Fire and Casualty Company (State Farm) to reconsider the issues decided in the Memorandum Opinion [45] and Order [46] entered on March 28, 2008. For the reasons set out below, this motion will be denied.

State Farm has presented no new evidence in support of its motion. State Farm contends that the Court applied the wrong legal standard to the conduct of Defendant Mike Meyers (Meyers). The Court applied a negligence standard, and State Farm insists that the Court should have applied the higher standard of gross negligence. I do not agree.

In his capacity as an insurance agent, Meyers's duty to his customers, including the plaintiffs, is to exercise reasonable care in light of all the facts and circumstances that surround a given transaction. *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *Taylor Machine Works, Inc., v. Great Am. Surplus Lines*, 635 So.2d 1357 (Miss.1994); *First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss.1992); *McKinnon v. Battle*, 485 So.2d 295 (Miss.1986); *Ritchie v. Smith*, 311 So.2d 642 (Miss.1975); *Sec. Ins. Agency, Inc. v. Cox*, 299 So.2d 192 (Miss.1974); *Southeastern Medical Supply, Inc. v. Boyles, Moak & Brickell Insurance, Inc.*, 822 So.2d 323 (Miss.App.2002).

The actions reasonable care requires may vary depending on the nature and quality of the relationship between Meyers and his customer, the physical location and the value of the insured property, the risks to which the property is exposed, the details of the transaction in which the insurance is purchased, and other considerations. As a general rule, in the case of a customer who approaches an insurance agent and requests a quote for specified coverage, reasonable care would require only that the agent give an accurate and responsive quote. Under applicable Mississippi law, an insurance agent is not under a general duty to select or recommend particular types of coverage nor to select or recommend the amount of coverage an insured should purchase. *Thomas v. State Farm Mut. Auto. Ins. Co.*, 796 F.Supp. 231 (S.D.Miss.1992). But there may arise facts and circumstances in which reasonable care could require the agent to do more than simply give his customer a quote for coverage.

The federal district court cases State Farm cites in support of its argument that a standard requiring gross negligence in order to establish an insurance agent's liability ultimately trace their holdings to *Bass v. California Line Ins. Co.*, 581 So.2d 1087 (Miss.1991). This case established a standard of gross negligence, malice, or reckless disregard for the rights of an insured in order to establish a right of recovery against an insurance adjustor, *Gallagher Bassett Services, Inc. v. Jeffcoat*, 887 So.2d 777 (Miss.2004), and this standard also applies to an agent for an insurer when the agent is participating in the claims handling process. The Mississippi cases cited above all indicate that an insurance agent is subject to a duty of reasonable care outside the claims adjustment process in his ordinary business relationship with his customers.

When a customer has secured coverage that is of the types and in the amounts satisfactory to the customer, the agent has no duty to advise or recommend different coverage unless some important new information or a substantial change in circumstances comes to the attention of the agent. In that event, in some circumstances, reasonable care may require that the agent recommend changing the existing insurance in type or in amount. Even this recommendation is not within the standard of reasonable care unless the relationship between the insured and the agent is sufficient to establish reasonable reliance by the insured on the agent for advice concerning the coverages and amounts of coverage the insured should maintain. The agent is not required to supervise or monitor the insured's coverage choices. The duty of reasonable care requires appropriate recommendations only if the agent learns of important changes in circumstances or other new information indicating that the previous coverages are no longer adequate and the agent knows that the insured is reasonably relying upon the agent for the agent's advice or recommendations concerning his existing coverage.

It is ultimately the customer's decision which types of coverages to purchase and the limits of coverage he wishes to have. If an agent gives his opinion on these issues, he is obliged to exercise reasonable care to give the advice appropriate to the customer's situation in light of the risks being insured against. After hearing this advice or recommendation, the customer is free to accept or reject it.

By May 2005, Plaintiffs had an established (twelve-year long) business relationship with Meyers. Plaintiff Elizabeth Lafleur has given her affidavit concerning her discussion of coverages with an agent in Meyers's office just before her homeowners policy was due for renewal in May 2005. The plaintiffs have alleged that Meyers was aware that they had made some substantial improvements to their home before these renewal discussions. The increases in the plaintiffs' homeowners coverage indicates that Meyers's agent was aware of this change in the insurable value of the plaintiffs' property. In these circumstances, viewed in the light most favorable to the plaintiffs, I cannot say, as a matter of law, whether reasonable care required that Meyers's agent discuss or consider the adequacy of the coverage limits for the plaintiffs' existing flood policy. This appears to me to be an issue of fact which is not subject to summary adjudication. This is why I denied Meyers's motion for summary judgment and remanded the case.

  Because I believe that the plaintiffs have stated a viable theory of recovery against Meyers, at least under the standards of F.R.Civ.P. 56, State Farm's motion for reconsideration will be denied. An appropriate order will be entered.

  **DECIDED** this 17th day of June, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE